**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4690

HOWARD WILLIAM HARRISTON, a/k/a
Mike Harrighton,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-96-7)

Submitted: August 12, 1997

Decided: September 5, 1997

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William C. Ingram, FLOYD, ALLEN & JACOBS, L.L.P., Greens-
boro, North Carolina, for Appellant. Walter C. Holton, Jr., United
States Attorney, Timika Shafeek, Assistant United States Attorney,
Marc Du Bose, Third-year Law Student, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Howard William Harriston was convicted of conspiracy to distribute cocaine base, in violation of 21 U.S.C.A. § 846 (West Supp. 1997), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994). He was sentenced to a total of 292 months imprisonment and five years supervised release. On appeal, he challenges the district court's denial of his motion to suppress evidence.

On September 13, 1995, Harriston was a passenger in a car driven by Leonard Smith and owned by Smith's girlfriend. The car was pulled over by Officer Jiron of the High Point, North Carolina Police Department for traveling 58 miles per hour in a 35 mile per hour zone. Smith was unable to produce his driver's license, although he had the registration and insurance documentation showing that the car was owned by Pamela Baltaji, Smith's girlfriend. Officer Jiron informed Smith that he was under arrest for speeding and failing to carry his driver's license. He handcuffed Smith and placed him in the back of the patrol car.

Harriston was unable to produce any identification and provided Jiron with inconsistent information about his name and age. Jiron handcuffed Harriston, told him he was being detained, and placed him in the back of the patrol car. Jiron then searched the vehicle. He found a Glock 9 mm under the front passenger seat, and a Ruger 9mm pistol and 103.9 grams of cocaine base in the rear compartment.

Harriston was indicted on the drug offenses of which he was ultimately convicted, as well as for carrying firearms in relation to a drug crime, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1997). He moved to suppress the items seized in the search; the district court denied the motion following an evidentiary hearing. A jury found

2

Harriston guilty of the drug charges and not guilty of the firearms charge. On appeal, Harriston challenges the district court's search and seizure ruling.

Harriston argues that he had a legitimate expectation of privacy in the car that entitles him to challenge the search and subsequent seizure of the evidence used against him. Harriston was staying with Smith and Baltaji while he was in town. He had driven the car with the owner's permission on three prior occasions. Although the Ruger handgun did not belong to him, he had had exclusive use of it during his ten-day visit. When Officer Jiron pulled the car over, Harriston tossed the gun to the back of the vehicle.

These factors are not enough to give Harriston a reasonable expectation of privacy in the car or its contents. Harriston, a passenger in the searched vehicle, had "neither a property nor a possessory interest in the automobile, nor an interest in the property seized." Rakas v. Illinois, 439 U.S. 128, 148 (1978). He had permission to use one of the seized weapons, but even ownership of a seized item is not, by itself, enough to confer a privacy interest in the searched area. United States v. Manbeck, 744 F.2d 360, 374 (4th Cir. 1984). His prior, limited use of the vehicle did not give him a property or possessory interest in the vehicle at the time of the search. Cf. United States v. Kye Soo Lee, 898 F.2d 1034 (5th Cir. 1990) (holding individuals hired by truck's renter to drive it from New York to Texas had standing to challenge search).

Therefore, we conclude that Harriston had no legitimate expectation of privacy in the vehicle that would allow him to challenge the search and seizure. We affirm the ruling of the district court on this issue, and we affirm Harriston's conviction and sentence. We deny Harriston's motion for oral argument, and dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED